Harvey M. Moore, Esq., CSB 101128
Terri Lazo, Esq., CSB 228663
The Moore Law Group,
A Professional Corporation
3710 S. Susan Street, Suite 210
PO Box 25145
Santa Ana, CA 92799
(714) 431-2000

Attorneys for Defendant
Pioneer Credit Recovery, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVIS AND GUADALUPE DAVIS,<br><br>            Plaintiffs,<br><br>     vs.<br><br>PIONEER CREDIT RECOVERY, INC.; AND DOES 1-10 INCLUSIVE<br><br>            Defendant(s). | Case No. 2:11-CV-01963-JEM<br><br>**NOTICE OF AND MOTION FOR ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; PROPOSED ORDER**<br><br>Hearing Date: March 6, 2012<br>Time: 10:00 a.m.<br>Courtroom: C, 8th Floor<br>Judge: Hon. John E. McDermott |

///
///
///

COMES NOW DEFENDANT Pioneer Credit Recovery, Inc. ("Defendant") and gives notice that on March 6, 2012 at 10:00 a.m., in Courtroom C of the above captioned Court located at 255 E Temple Street, Los Angeles, CA 90012, Defendant will move for an award of attorney's fees against Plaintiffs Thomas Davis and Guadalupe Davis (collectively "Plaintiffs") and against Plaintiffs' counsel of record.

This Motion is brought pursuant to the Court's order granting Defendant's Motion for Summary Judgment, and Local Rule 54-12. This Motion is brought on the grounds of and under: the Court's inherent power to impose attorney's fees; under 28 U.S.C. §1927; and alternatively under the Federal Rules of Civil Procedure 56(b) of ("FRCP 56(b)"). Pursuant to local rules, counsel for the Plaintiffs and for Defendant met and conferred regarding this motion on January 16, 2012.

The Motion for Attorney's Fees is based upon this Notice and Motion, the attached Memorandum of Points and Authorities in Support, the concurrently filed Declaration of Terri Lazo in Support; and upon such other and further matters as may be presented at or prior to the time of the hearing.

Dated: January 17, 2012

The Moore Law Group, APC

By: _____
Harvey M. Moore
Terri Lazo
Attorneys for Defendant
Pioneer Credit Recovery, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

Plaintiffs Thomas Davis and Guadalupe Davis' (collectively "Plaintiffs") filed a Complaint ("Complaint") in the above captioned case alleging various debt collection related violations by Defendant Pioneer Credit Recovery, Inc. ("Defendant") in regards to two student loans that Plaintiffs contended were discharged in bankruptcy. The crux of Plaintiffs' argument all along has been that the two loans Defendant sought collection of were trade school loans and therefore not federally guaranteed loans and were discharged in bankruptcy. Defendant filed a Motion for Summary Judgment. Plaintiffs filed an Opposition with multiple Declarations in Support and an Objection to Defendant's filed Declaration. Defendant responded by filing a Reply to the Opposition and Declaration in support thereof. Pursuant to Court Order, the Parties each filed a Supplemental Brief with Declaration(s) in support, respectively. Having taken Defendant's Motion for Summary Judgment under submission, on January 3, 2012, the Court found in favor of Defendant, granted summary judgment, and ordered Plaintiffs' Complaint dismissed with prejudice in its entirety. (Declaration of Lazo ¶ 4).

///

///

## II.

## ARGUMENT

The Court has the inherent power to impose sanctions including an award for attorney's fees for the total attorney's fees incurred in the defense of a filed Complaint and action, post judgment, against a party and/or their attorney for bad faith conduct in litigation. *Chambers v. NASCO* (1991) 501 U.S. 32, 43. Bad faith conduct may be sanctioned under the Court's inherent powers even if it is also sanctionable under other rules, including but not limited to 28 U.S.C. §1927. *Chambers, supra,* 501 U.S. at 46-48. In *Chambers,* the U.S. Supreme Court held that "these other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions." *Id.*

Under Federal Rule of Civil Procedure ("FRCP") 56(h), monetary sanctions including attorney's fees may be imposed against a Party who has submitted a bad faith affidavit or declaration in opposition to a motion for summary judgment for any fees incurred in opposing such bad faith declaration. A declaration can be in bad faith if it contradicts a previous declaration or pleading assertion. *Id.* Additionally, under 28 U.S.C. §1927 ("§1927"), sanctions including attorney's fees may be awarded to the opposing party if a party has committed conduct that resulted in unnecessary proceedings and unnecessary multiplication of litigation, for such attorney's fees incurred in opposing and participating in such prolonged proceedings and litigation. Multiplication of litigation includes continuing

proceedings initially thought to be meritorious after their lack of merit becomes apparent. *Edwards v. General Motors Corp.* (5th Cir. 1998) 153 F.3d 242, 247. Misleading the Court as to the nature of evidence being offered may constitute recklessness justifying §1927 sanctions and an award of attorney's fees. Awards for sanctions and attorney's fees pursuant to §1927 can be awarded post entry of judgment. *Ridder v. City of Springfield* (6th Cir. 1997) 109 F.3d 288, 297.

It became very clear very early on in this case that there was no merit to the claims raised in the Complaint and that no proper due diligence or reasonable investigation of Plaintiffs' claims was performed by their counsel prior to the filing of the Complaint. This was evident during meet and confers, the discovery process, and in Defendant's filed Motion for Summary Judgment, Declaration in Support, Plaintiffs' filed Opposition and Declarations in Support and Objection to Defendant's Declaration, Defendant's Supplemental Reply and Declaration in Support, and Plaintiffs' Supplemental Reply and Declarations in Support.

Furthermore, there were multiple telephonic conferences between counsel for the Parties at which times Defendant's counsel stated that the loans were federally guaranteed and not discharged in bankruptcy, Defendant's attempted collection activity was therefore appropriate, and requested Plaintiffs dismiss the Complaint. (Declaration of Lazo ¶ 5). Defendant also responded to Plaintiffs' lengthy propounded discovery in November 2011, stating which loans were at issue and producing documents in support of such, specifically

Defendant produced copies of the Loan Consolidation Application and Promissory Note and Loan Consolidation and Verification Certificate forms as executed by Plaintiff Thomas Davis, and copies of the collection letter(s) sent by Defendant to Plaintiffs. (Declaration of Lazo ¶ 6).

Defendant only ever had the two Loans placed with it for collection and therefore could not have ever contacted Plaintiffs regarding unassociated trade school loans. Plaintiffs took out the Loans in the first place and knew they were federally guaranteed loans. For Plaintiffs to then file a federal complaint against Defendant asserting that it was seeking collection of loans completely unrelated to the Loans referenced by Defendant in its initial demand letter and claiming that they did not owe on a loan that was discharged in bankruptcy, and then to admit in Declaration that they were confused on which loans Defendant actually was seeking collection on, is bad faith and sanctionable.

Despite all of this evidence having been provided to them and the obviousness of which loans Defendant was seeking collection on and therefore the lack of merit in their Complaint becoming blatant, Plaintiffs continued to maintain their claims against Defendant; and to allege, amongst other things, that Defendant had still violated the Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act. Plaintiffs continued to prolong litigation, filing an Opposition to the Motion for Summary Judgment with multiple Declarations attached and an Objection to the

Defendant's Declaration, and a Supplemental Brief with three Declarations in Support, including a Declaration by Plaintiffs' counsel.

In particular, Plaintiffs and their counsel each filed individual Declarations in Support of their Supplemental Brief which stated in essence, that they did not know the Loans Defendant was seeking collection on were the Loans that Defendant pled they were, and rather that they had believed them to be different loans, i.e. the trade school loans. Yet, even with these admissions, Plaintiffs did not dismiss the Complaint.

These were all acts multiplying the litigation, prolonging the case, and costing Defendant unnecessary and inappropriate attorney's fees in the continued legal fight against the claims in the Complaint after evidence had been provided that there was no merit to any of them and with blatant case law in opposition to all arguments raised by Plaintiffs in opposing the Defendant's Motion for Summary Judgment, Reply to Opposition, and Supplemental Brief.

These were acts in bad faith warranting an award of attorney's fees under the Court's inherent power to impose such a sanction as Plaintiffs had knowledge of and documentary proof of the lack of merit of their claim and continued to persist in arguing it. These acts further support an award of attorney's fees under §1927 as Plaintiffs and Plaintiffs' counsel's actions and recklessness caused an inappropriate prolonging of the litigation in this present case. If Plaintiffs had ceased pursuing their claims after receiving the evidence from Defendant refuting the same and clearly indicating which Loans were at issue,

Defendant would never have had to file the Motion for Summary Judgment, and all supporting and subsequent filings.

Even after acknowledging that the Loans were not the loans they thought they were and upon which Plaintiffs had filed suit against Defendant, Plaintiffs continued to assert their claims and did not dismiss the Complaint. Plaintiffs and Plaintiffs' counsel's maintaining their action and failing to dismiss it with prejudice, and Plaintiffs continued arguments and pleadings and declarations in support of Plaintiffs' claims were in bad faith and attorney's fees should be imposed against both Plaintiffs and Plaintiffs' counsel of record in the amounts as laid out in detail below.

Furthermore, the Declarations filed by Plaintiffs and Plaintiffs' counsel in support of Plaintiffs' Opposition to Motion and the Supplemental Brief, and the Objection to Defendant's Declaration, respectively, were in bad faith. Each one of these Declarations and Objection was drafted, signed and filed in bad faith without any meritorious grounds, evidence to support, or case law to support the statements sworn to within each and every one of them, or alleged. They were bad faith declarations warranting an award of attorney's fees for Defendant for the attorney's fees incurred in the opposition of such under and pursuant to FRCP 56(h).

Furthermore, by their own admission, Plaintiffs knew at the very least at the time of the signing of their Declarations in Support of their Supplemental Brief, that the Loans Defendant was seeking collection on were not the trade school loans they had been alleging

all along, and were in fact federally guaranteed consolidation loans which had not been discharged in bankruptcy. The Loan Consolidation Application and Promissory Note and Loan Consolidation and Verification Certificate forms, which were attached as an Exhibit to Defendant's Declaration in Support of its Supplemental Brief, had previously been produced to Plaintiffs. These Plaintiff Declarations' pled statements were in direct contradiction to facts pled in Plaintiffs' filed Complaint and Opposition to Motion for Summary Judgment; and on their own establish Plaintiffs' bad faith in failing to dismiss the Complaint and warrant an award of attorney's fees to Defendant under FRCP 56 (h) for any fees incurred in opposing the pled contradictory facts contained in the Complaint.

In its Order granting Defendant's Motion for Summary Judgment in this present case, the Court found no validity in Plaintiffs' claims. Specifically, the Court determined based upon Plaintiffs' own declarations and the lack of facts asserted in the same, and Defendant's call log, that: "there is no evidence that Defendant: informed a third party of Plaintiff's debt; contacted a third party regarding Plaintiffs' debt; contacted Plaintiffs post cease and desist notification; employed false and deceptive means to collect a debt; contacted Plaintiffs at a place and time known to be inconvenient; contacted Plaintiffs at place of employment with knowledge such communication was prohibited; used profane or abusive language; caused the phone to ring repeatedly and engaged Plaintiffs in telephone conversations with the intent to annoy and harass; failed to disclose the identity of the debt collection agency; threatened wage garnishment without intending to do so; threatened to take legal action

without intending to actually do so; failed to inform Plaintiffs that the communication was one seeking to collect a debt; or continued collection efforts when the debt was not verified; or made a false representation that the consumer debt could be increased..." (Memorandum Opinion and Order Doc. 23 Dated January 3, 2012 pg.7 ln 4 thru pg. 9 ln 9).

The Court went on to state that: "[I]n their Opposition to the MSJ, Plaintiffs contend that the only triable issue of fact is whether or not the underlying loans were discharged in G. Davis's bankruptcy and, therefore, whether Defendant improperly attempted to collect on a discharged loan in violation of 15 U.S.C. § 1692e(10) (employing false and deceptive means to collect a debt). Plaintiffs essentially concede that they have no evidence to support the other claims set forth in the Complaint for various violations of the FDCPA or the Rosenthal Act, and the Court finds none." (Memorandum Opinion and Order Doc. 23 Dated January 3, 2012 pg. 10 ln 16-22). "Plaintiffs initially contended in their Opposition that the Loans were "trade school loans" issued for T. Davis to attend a non-accredited law school. Plaintiffs further asserted that loans to a non-accredited school could not be federally guaranteed student loans and, therefore, the loans to T. Davis were discharged in G. Davis's bankruptcy....In their Sur-Reply, Plaintiffs now state that the Loans actually were obtained for T. Davis's undergraduate studies and one year of graduate studies in psychology and theology, and were not for T. Davis's law school studies. Thus, Plaintiffs apparently concede – as they must – that the Loans were federally guaranteed student loans and drop

their unsupported 'trade school loan' argument." (Memorandum Opinion and Order Doc. 23 Dated January 3, 2012 pg.10 ln 23-26, and pg. 11 ln 9-13).

The Court agreed with Defendant and held that there was no merit or case law to support, and in fact case law in complete opposition to, Plaintiffs' arguments that the Loans were discharged in bankruptcy. These arguments were completely without basis, factual or legal, and yet they were raised by Plaintiffs time and time again, in the Complaint, in their Opposition to the Motion for Summary Judgment, and in Supplemental Reply. Plain and simple, Plaintiffs had two federally guaranteed student loans and Defendant was attempting collection activity on them. Until their final filed Declarations, Plaintiffs asserted all along that the loans Defendant was seeking collection on were trade school loans discharged in bankruptcy and any collection attempts regarding the same violated the Fair Debt Collection Practices Act. Then, in Support of their Supplemental Brief they essentially declared that they were mistaken in which Loans Defendant was attempting to collect on and admitted they were not the trade school loans they had thought and pled they were. Such an argument in the face of written notices mailed from Defendant to Plaintiffs regarding the debt and the amount owing and identification of the Loan account, discovery responses further evidencing exactly which loans Defendant was seeking collection on, and detailed pleadings and declarations by Defendant which laid out exactly which Loans Defendant had attempted collection on, is not only meritless and in bad faith, it is also blatantly unreasonable and clearly not predicated upon any properly investigated grounds.

In the Complaint, Plaintiffs also asserted that harassing and inappropriate calls were made to them at home and at work and that Defendant's representatives made inappropriate statements to them and disclosures to third parties. However, Plaintiffs never produced any evidence to support allegations and rather when faced with evidence to the contrary, declared that the telephone numbers Defendant's records reflected it having contacted, were not in not fact their numbers. Defendant has contended from the beginning that it was never successful at reaching Plaintiffs. Plaintiffs' declarations that the numbers Defendant had for them were not accurate, actually supports Defendant's contention and refutes Plaintiffs' pled harassment and call volume allegations.

Based upon the foregoing, and in view of the Court's Order Granting Defendant's Motion for Summary Judgment, an award for attorney's fees as imposed on Plaintiffs and Plaintiffs' counsel to Defendant for such fees incurred in the opposition of such contradicting declarations is warranted and appropriate under FRCP 56(h).

As evidenced in the concurrently filed Declaration of Terri Lazo ("Declaration of Lazo"), Defendant incurred the following specific attorney's fees in this case:

(1) spent 61.7 hours in total in the defense of Plaintiffs' Complaint and Defendant incurred $16,967.50 in total attorney's fees, on the following tasks: (1) reviewing the Complaint, responding to propounded discovery responses, and investigating account history notes; (2) preparing an Answer; (3) initiating and participating in multiple meet and confers with Plaintiffs' counsel; (4) attending the Scheduling Conference; (5) drafting a

Motion for Summary Judgment, with supporting concurrently filed documents, and a detailed Reply to Opposition with additional supporting concurrently filed documents and Opposition to Objection to Reply; (6) drafting the Supplemental Brief and Declaration in Support of same; (7) and drafting the current Motion for Attorney's Fees. (Declaration of Lazo ¶ 8). Defendant will incur an estimated additional $825 in attorney's fees for attendance at the hearing on this present motion. (Declaration of Lazo ¶ 7). This makes a total of $17,792.50 attorney's fees sought under and pursuant to the Court's inherent power to sanction Plaintiffs and Plaintiffs' counsel and to award attorney's fees, (Declaration of Lazo ¶¶ 8 and 9), grounds for which as argued above; and

(2) Defendant spent 45 hours, of the 61.7 total hours, and therefore Defendant incurred $12,375 in attorney's fees in drafting, filing, and defending the Motion for Summary Judgment and various documents in support thereof, drafting and filing a Reply to Opposition and multiple Declarations in support thereof, drafting and filing an Opposition to Plaintiffs' Objection to Defendant's Reply and Declarations in Support thereof; drafting and filing the Supplemental Brief and Declaration in Support and the Proposed Judgment for the Motion for Summary Judgment; and drafting and filing the current Motion for Attorney's fees; all due to Plaintiffs' inappropriate multiplication of litigation proceedings which caused Defendant to have to continue in its defense of the Complaint and all claims contained therein. (Declaration of Lazo ¶ 10). Combined with the estimated $825 attorney's fees to be incurred attending the hearing on this motion, this makes a total of

$13,200 attorney's fees sought under and pursuant to §1927, (Declaration of Lazo ¶ 10), grounds for which as argued above; and

(3) Defendant spent 28.8 hours, of the total 61.7 hours, and incurred $7,920 in attorney's fees in defense of Defendant's Motion for Summary Judgment after Plaintiffs filed their Opposition to the Motion and bad faith declarations in support thereof; in the drafting of the Reply, the Multiple Declarations in Support and the conversations with Defendant and High Cotton in order to draft such declarations, the drafting of the Opposition to Plaintiffs' Objection to the Reply and Declarations in support, and attendance at the hearing on the Motion for Summary Judgment. (Declaration of Lazo ¶ 11). Combined with the estimated $825 attorney's fees to be incurred attending the hearing on this motion, this makes a total of $8,745 in attorney's fees sought under and pursuant to FRCP 56(h), (Declaration of Lazo ¶ 11), grounds for which as argued above.

## III.

## CONCLUSION

There is no basis or grounds for Plaintiffs' Complaint or for their Opposition to Defendant's Motion for Summary Judgment. For the foregoing reasons, Defendant submits that it is entitled to attorney's fees from Plaintiffs and Plaintiffs' counsel of record under and pursuant to the Court's inherent powers to impose such; under and pursuant to FRCP 56(h); and §1927; as individual theories and grounds for such an award of attorneys fees, and under a combined theory and grounds for the same.

Therefore, Defendant respectfully requests this Court grant Defendant's Motion for Attorney's Fees, under each one of the three theories granting the Court authority to impose such and warranting the imposition of such in the present case, individually and combined, and award Defendant $17,792.50 in attorney's fees for the total attorney's fees incurred by Defendant in defense of Plaintiffs' Complaint and this present action.

In the alternative if the Court deems attorney's fees are only appropriately awarded under §1927 for post Plaintiffs' notice of lack of evidence and lack of merit of claims incurred Defendant's attorney's fees in continued defense of the Complaint and all claims contained therein due to Plaintiffs' inappropriate multiplication of litigation proceedings, Defendant respectfully requests $13,200 in attorney's fees for the post discovery defense of this action.  Finally, if in the alternative, should the Court find that attorney's fees are only appropriate under FRCP 56(h) pursuant to Plaintiffs' bad faith declarations in opposition to the motion for summary judgment and in support of objection to Defendant's Reply, Defendant respectfully requests $8,745 in attorney's fees for the defense of Defendant's Motion for Summary Judgment.

Dated: January 17, 2012                     The Moore Law Group, APC

                                            By: _____
                                            Harvey M. Moore
                                            Terri Lazo
                                            Attorneys for Defendant
                                            Pioneer Credit Recovery, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVIS AND GUADALUPE DAVIS,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>PIONEER CREDIT RECOVERY, INC.; AND DOES 1-10 INCLUSIVE<br><br>　　　　　　　Defendant(s). | Case No. 2:11-CV-01963-JEM<br><br>**[PROPOSED] ORDER**<br><br>Hearing Date: March 6, 2012<br>Time: 10:00 a.m.<br>Courtroom: C, 8th Floor<br>Judge: Hon. John E. McDermott |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

(1) Defendant Pioneer Credit Recovery, Inc.'s Motion for Attorney's Fees is **GRANTED**.

(2) Defendant Pioneer Credit Recovery, Inc. is entitled to attorney's fees in the amount of $_____ from Plaintiffs and Plaintiffs' counsel, jointly and severally.

Date:_____

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Hon. John E. McDermott
　　　　　　　　　　　　　　　　　　Magistrate Judge of the U.S. District Court

## CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on January 17, 2012, a copy of the forgoing document was sent via U.S. Mail to:

Lara R. Shapiro, Esq.
4145 Via Marina #324
Marina Del Rey, CA 90292

_____
TERRI LAZO

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 3710 S. Susan Street, Suite 210, Santa Ana, CA 92704.

On January 17, 2011, I served the foregoing documents described as:

**Notice of and Motion for Attorney's Fees, Memorandum of Points and Authorities in Support, Proposed Order**

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[x] by placing ____ the original  x  a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] by causing personal service of the foregoing document via DDS at the following address:

Lara R. Shapiro, Esq.
4145 Via Marina #324
Marina Del Rey, CA 90292

[ x ]   BY MAIL
    [ ] I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
    [ x ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] ** (VIA EMAIL) I caused the above-referenced document to be delivered via electronic mail to the above-referenced email address.

[ ] ** (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

[ ] **(VIA ONTRAC OVERNIGHT EXPRESS) As follows: I am "readily familiar" with the firm's practice of practice of collection and processing documents for overnight delivery.

[ ]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 17, 2012, at Santa Ana, California

_____
TERRI LAZO

PROOF OF SERVICE