Harvey M. Moore, Esq., CSB 101128
Terri Lazo, Esq., CSB 228663
The Moore Law Group,
A Professional Corporation
3710 S. Susan Street, Suite 210
PO Box 25145
Santa Ana, CA 92799
(714) 431-2000

Attorneys for Defendant
Pioneer Credit Recovery, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVIS AND GUADALUPE DAVIS,<br><br>                Plaintiffs,<br><br>vs.<br><br>PIONEER CREDIT RECOVERY, INC.; AND DOES 1-10 INCLUSIVE<br><br>                Defendant(s). | Case No. 2:11-CV-01963-JEM<br><br>**DECLARATION OF TERRI LAZO IN SUPPORT MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date: March 6, 2012<br>Time: 10:00 a.m.<br>Courtroom: C, 8th Floor<br>Judge: Hon. John E. McDermott |

///

///

1
Declaration in Support of Motion for Attorney's Fees

## DECLARATION OF TERRI LAZO

I, Terri Lazo, declare:

1. I am an attorney licensed to practice before this court and am an associate attorney with The Moore Law Group, APC, attorneys for Defendant Pioneer Credit Recovery, Inc. ("Defendant").

2. I graduated from the University of Tennessee, College of Law in 2003. I was admitted to the California bar in December 2003. I have practiced regularly and extensively in the areas of trial law, both civil and criminal and have experience in collection law, Fair Debt Collection Practices Act defense, and Fair Credit Reporting Act defense. I have been lead trial counsel in 14 jury trials, well over 200 cases, and have litigated hundreds of cases.

3. My reasonable hourly market rate is $275.00.

4. Having taken Defendant's Motion for Summary Judgment under submission, the Court found in favor of Defendant, granted summary judgment, and ordered Plaintiffs Thomas Davis and Guadalupe Davis' (collectively "Plaintiffs") filed Complaint ("Complaint") dismissed with prejudice in its entirety.

5. Prior to the filing of Defendant's Motion for Summary Judgment, I initiated multiple telephonic conferences between counsel for the Parties at which times Defendant's counsel stated that the loans were federally guaranteed and not discharged in bankruptcy, Defendant's attempted collection activity was therefore appropriate, and requested Plaintiffs dismiss the Complaint.

6. Defendant also responded to Plaintiffs' lengthy propounded discovery in November 2011, stating which loans were at issue and producing documents in support of such, specifically Defendant produced copies of the Loan Consolidation Application and Promissory Note and Loan Consolidation and Verification Certificate forms as executed by Plaintiff Thomas Davis, and copies of the collection letter(s) sent by Defendant to Plaintiffs.

7. I will spend an estimated 3 hours in attendance at the hearing on this present motion, therefore Defendant will incur an additional $825 in attorney's fees for such appearance.

8. I, as Defendant's counsel, specifically spent 61.7 hours in total in the defense of Plaintiffs' Complaint and Defendant incurred $16,967.50 in total attorney's fees, on the following tasks: (1) reviewing the Complaint, responding to propounded discovery responses, and investigating account history notes; (2) preparing an Answer; (3) initiating and participating in multiple meet and confers with Plaintiffs' counsel; (4) attending the Scheduling Conference; (5) drafting a Motion for Summary Judgment, with supporting concurrently filed documents, and a detailed Reply to Opposition with additional supporting concurrently filed documents and Opposition to Objection to Reply; (6) drafting the Supplemental Brief and Declaration in Support of same; (7) and drafting the current Motion for Attorney's Fees. Combined with the estimated $825 attorney's fees to be incurred attending the hearing on this motion, this makes a total of $17,792.50 attorney's fees incurred by Defendant in the defense of Plaintiffs' Complaint.

9. Therefore, Defendant incurred $17,792.50 in total attorney's fees in the defense of Plaintiffs' Complaint.

10. I, as Defendant's counsel, specifically spent 45 hours, of the 61.7 total hours, and therefore Defendant incurred $12,375 in attorney's fees, in drafting, filing, and defending the Motion for Summary Judgment and various documents in support thereof, drafting and filing a Reply to Opposition and multiple Declarations in support thereof, drafting and filing an Opposition to Plaintiffs' Objection to Defendant's Reply and Declarations in Support thereof; drafting and filing the Supplemental Brief and Declaration in Support and the Proposed Judgment for the Motion for Summary Judgment; and drafting and filing the current Motion for Attorney's fees; all due to Plaintiffs' inappropriate multiplication of litigation proceedings which caused Defendant to have to continue in its defense of the Complaint and all claims contained therein. Combined with the estimated $825 attorney's fees to be incurred attending the hearing on this motion, this makes a total of $13,200 attorney's fees.

11. I, as Defendant's counsel, specifically spent 28.8 hours, of the total 61.7 hours, and Defendant therefore incurred $7,920 in attorney's fees in defense of Defendant's Motion for Summary Judgment after Plaintiffs filed their Opposition to the Motion and bad faith declarations in support thereof; in the drafting of the Reply, the Multiple Declarations in Support and the conversations with Defendant and High Cotton in order to draft such declarations, the drafting of the Opposition to Plaintiffs' Objection to the Reply and

Declarations in support, and attendance at the hearing on the Motion for Summary Judgment. Combined with the estimated $825 attorney's fees to be incurred attending the hearing on this motion, this makes a total of $8,745 in attorney's fees.

12. I met and conferred with Plaintiffs' Counsel regarding my intention to bring this Motion for Attorneys Fees and the grounds upon which it would be based, on January 16, 2012.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration was executed on January 17, 2012 at Santa Ana, California, United States of America.

_____
TERRI LAZO

## CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on January 17, 2012, a copy of the forgoing document was sent via U.S. Mail to:

Lara R. Shapiro, Esq.
4145 Via Marina #324
Marina Del Rey, CA 90292

_____
TERRI LAZO

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 3710 S. Susan Street, Suite 210, Santa Ana, CA 92704.

On January 17, 2011, I served the foregoing documents described as:

**Declaration of Terri Lazo in Support of Motion for Attorney's Fees**

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[x] by placing ____ the original _x_ a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] by causing personal service of the foregoing document via DDS at the following address:

Lara R. Shapiro, Esq.
4145 Via Marina #324
Marina Del Rey, CA 90292

[ x ]    BY MAIL
    [ ] I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
    [ x ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  ** (VIA EMAIL) I caused the above-referenced document to be delivered via electronic mail to the above-referenced email address.

[ ]  ** (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

[ ]  **(VIA ONTRAC OVERNIGHT EXPRESS) As follows: I am "readily familiar" with the firm's practice of practice of collection and processing documents for overnight delivery.

[ ]  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ x ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 17, 2012, at Santa Ana, California

                                                                     TERRI LAZO

**PROOF OF SERVICE**