UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVIS and GUADALUPE DAVIS,<br><br>                Plaintiffs,<br><br>    v.<br><br>PIONEER CREDIT RECOVERY, INC., and DOES 1-10, inclusive,<br><br>                Defendants. | Case No. CV 11-1963-JEM<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE |

On March 8, 2011, Plaintiffs Thomas Davis and Guadalupe Davis filed a complaint alleging that Defendant Pioneer Credit Recovery, Inc. ("Pioneer") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") and California's Rosenthal Act, Cal. Civil Code § 1788, et seq. On January 3, 2012, this Court granted summary judgment for Defendant Pioneer. Before the Court now is Pioneer's Motion for Attorney's Fees ("Motion"). Pioneer's Motion is DENIED without prejudice, as explained below.

It appears that Plaintiffs had two sets of loans. The first set was comprised of two student loans that Plaintiffs claimed were dischargeable in bankruptcy and used by Thomas Davis to attend Abraham Lincoln University School of Law. Plaintiffs asserted that these loans were discharged in Guadalupe Davis's bankruptcy. Plaintiffs also believed these loans were the subject of the instant suit. The other set of loans was a consolidation of two

1  federally guaranteed student loans used for Thomas Davis's undergraduate education and
2  graduate studies in psychology that was not dischargeable in bankruptcy.
3      There was confusion over which of these loans were at issue in this case until
4  November 8, 2011, when Pioneer filed its Supplemental Reply and produced the
5  consolidated loan documents for the second set of loans.  When Pioneer responded to
6  Plaintiffs' discovery on November 15, 2011, it produced the loan documents again.  Pioneer
7  also produced call logs that did not indicate that Pioneer engaged in illegal collection
8  activities with Plaintiffs as to the second set of loans.  These documents rendered Plaintiffs'
9  complaint meritless, as explicated in the Court's January 3, 2012, summary judgment ruling.
10     Pioneer now seeks $17,792.50 for its total fees in defending this case, based on
11 alleged bad faith by Plaintiffs in filing and maintaining a meritless suit.  Pioneer bases its fee
12 motion on the bad faith misconduct rule, 28 U.S.C. § 1927, and Rule 56(h).  Pioneer's fee
13 claim is overstated and largely unmeritorious.  Plaintiffs' case did not become obviously
14 meritless until November 15, 2011.  Pioneer is not entitled to its fees before that date.
15     Pioneer filed its summary judgment motion on September 9, 2011.  Plaintiffs filed
16 their Opposition on October 4, 2011.  Pioneer filed its Reply on October 11, 2011.  In its
17 Reply, Pioneer noted that it did not have the Promissory Notes for the loans in question.
18 Because Pioneer had not submitted these loan documents, the Court could not determine
19 from the papers which loans were at issue.  Thus, the Court in an October 25, 2011, Order
20 required Pioneer to file a supplemental brief and attach the loan documents that had been
21 referenced in the declarations of Jason Webb.  Pioneer filed a Supplemental Reply on
22 November 8, 2011, and attached the requested loan documents.  The Court hardly can
23 assess fees against the Plaintiffs for work done prior to disclosure of the loan documents
24 and call logs when the Court itself was unable to determine the merits of the case before
25 then and required additional briefing.
26     Pioneer alleges bad faith, claiming that Plaintiffs should have known which loans
27 were at issue and should have copies of both sets of loans, but Plaintiffs state that they
28 were unable to find the loan documents.  Pioneer did no attorney's fee discovery and did not

depose Plaintiffs, and thus has no evidence to disprove Plaintiffs' assertions. Pioneer, which was not the loan originator but only the collection agent, did not have the loan documents itself for most of the litigation. Pioneer's inability to disclose the documents is the reason the lawsuit continued. Without the definitive loan documents or evidence Plaintiffs had copies and knew which loan was at issue, there is no basis for a finding of bad faith before November 15.

That is not the end of the matter. On November 22, 2011, Plaintiffs filed a Sur-Reply as required by the Court's October 25, 2011, Order. The Sur-Reply acknowledged the loan documents, which together with statements by Thomas Davis in his accompanying declaration made clear that Plaintiffs' suit had no merit. Yet inexplicably the Sur-Reply urged the Court to deny Pioneer's Motion for Summary Judgment. Totally at odds with this Sur-Reply, in her declaration opposing this fee motion, Plaintiffs' counsel Lara Shapiro states: "Had I received the proof produced by the Defendant on November 8, 2011 in its supplemental reply, I would have shown that to my clients and agreed to a stipulation for dismissal." (Shapiro Declaration, ¶ 5.) The question is not whether Plaintiffs would have dismissed the suit before November 8 but why it was not dismissed <u>after</u> November 8. By failing to do so, this Court expended valuable judicial time preparing a summary judgment ruling in a case that by then Plaintiffs knew was untenable. Not dismissing the suit was bad faith toward Pioneer and the Court.

The problem, however, is remedy. The case docket shows no activity by Pioneer after it filed its Supplemental Reply on November 8, 2011, save for its fee motion which is largely unmeritorious and overstated. Additionally, Pioneer's fee request is conclusory and not properly substantiated with time entries by date and hours expended so that the Court can determine what fees, if any, can be recovered. Courts routinely deny unsubstantiated summary fee requests. <u>See</u> <u>Hensley v. Eckart</u>, 461 U.S. 424, 433 (1983) (party must submit evidence supporting hours claimed; award will be reduced for inadequate documentation).

The Court, however, is disturbed by Plaintiffs' failure to dismiss the suit after the loan documents were produced, and thus will deny Pioneer's motion without prejudice to its renewal for time expended after November 15, 2011. If any time was recorded that properly may be attributed to Plaintiffs' failure to dismiss the litigation, then the Court may assess a small portion of the time expended on the fee motion. Pioneer, however, must present a properly documented fee request. If the amount recoverable is minimal or trivial, Pioneer should consider not renewing the motion. The Court also orders the parties to meet and confer on payment to avoid a return to the Court. The parties are ordered to advise the Court on the status and how they intend to proceed **within 10 days** from the date of this Order.

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion for Attorney's Fees is DENIED without prejudice.

IT IS SO ORDERED.

DATED: July 9, 2012                    */s/ John E. McDermott*
                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE